UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RICHARD LAVON BARWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:17-CV-165 |
| ) | |
| INTERAL REVENUE SERVICE, ) | |
| ) | |
| Defendant ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

Plaintiff Richard Barwick has filed a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Barwick is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and

1

still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] Plaintiff filed this complaint on September 25, 2017. Plaintiff alleges in this complaint that Defendant wrongfully denied his application to qualify his farm as a tax-exempt organization under I.R.C. § 501(c)(3). [Doc. 2 ¶ 4].

In order to appeal an IRS determination on tax-exempt status, the appellee must first file a protest statement within thirty days of the date of the formal written letter from the IRS. I.R.S. Publ'n 892 (Rev. 2-2017). This protest letter will first be reviewed by the office for Exempt Organizations Rulings and Agreements. *Id*. If that office maintains the adverse determination for tax-exempt status, the office may send a revised proposed adverse letter informing the appellee of his/her rights going forward or it may forward the protest to the Appeals Office. *Id*. If a settlement

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

2

cannot be reached here, the appellee will receive a letter stating the final determination. *Id*. This letter will also state a deadline for filing a pleading in court. *Id*.

It is only if appellee cannot reach an agreement with the Appeals Office that the issue may be appealed to federal court. *Id*. The appellee must received the letter of final determination *and* the organization must qualify under a specific exempt status claim, such as "an organization qualifying under section 501(c) or 501(d) and exempt from tax under 501(a)." I.R.S. Publ'n 557 (Jan. 2018). The appellee may then file suit for a declaratory judgment in the U.S. District Court for the District of Columbia, the U.S. Court of Federal Claims, or the U.S. Tax Court. *Id*.

Even taking the statements made in the complaint for their truth, this Court is not the appropriate venue. In this case, Plaintiff states that "we have exhausted all remedies and is [sic] seeking judicial remedies." [Doc 2 ¶ 4]. He is also seeking relief of "approval of 501-c-3 status" and "cost of possible cost of income." [Doc 2 ¶ 5]. In order to file in the Court of Federal Claims or U.S. District Court for the District of Columbia, there must be a monetary dispute, which has not been made obvious here. To initiate a declaratory judgment action in U.S. Tax Court for a ruling on the tax-exempt status of the organization, Plaintiff must file a petition titled "Petition for Declaratory Judgment (Exempt Organization)" with the court clerk. I.R.S. Publ'n 892 (Rev. 2-2017).

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file in the appropriate court. This Complaint lacks any arguable basis for a recovery in this Federal Court due to lack of jurisdiction. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).